Polacheck, Respondent, vs. Michiwaukee Golf Club and others, Appellants.

*December 6, 1928—January 8, 1929.*

For the appellants there was a brief by *Bottum, Hudnall, Lecher, McNamara & Michael* of Milwaukee, and oral argument by *George B. Hudnall*.

For the respondent there was a brief by *Lamfrom, Tighe, Engelhard & Peck* and *Lines, Spooner & Quarles,* attorneys, and *Leon B. Lamfrom, Leo Mann,* and *Lawrence Olwell,* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom*.

CROWNHART, J. Conspiracy in the law is hard to define, but generally courts are agreed that to constitute such there must be a combination of two or more persons to do an unlawful act, or to do a lawful act in an unlawful manner.

Now what unlawful act is here charged? Nothing but the writing of the letter. That in itself is not unlawful, however foolish or malicious it may have been. It deprived plaintiff of no valuable right. It left him free to refuse to resign and free to continue as a member of the club with all its privileges. He was free to present any grievances he may have had to the members of the organization, and if they agreed with him they could depose defendants from office.

Facts are alleged from which it may be inferred that the club will lose money by reason that members, other than the plaintiff, may withdraw from the club. That does not necessarily follow, and if it should, unless the act of defendants was illegal, there is no remedy. A corporation may so run the corporation as to lessen its profits or so as to lose money without any personal responsibility of its officers. It is only when they are charged with wrong-doing in the law that courts can intercede.

We may not justify the act of the officers in writing the letter in question. It may be conceded that it was a social error; it may have been done with bad intent; but so long as the consequences are not to unlawfully deprive plaintiff of some valuable right, he has no cause of action in law or

equity. Courts of equity cannot undertake to regulate social obligations, or the morals of social organizations, until there are legal rights affected, and then only when the courts of law can afford no adequate remedy.

We may deplore religious prejudices and intolerance ever so much, but the remedy does not lie with the courts. The remedy is cultural and educational, and perhaps to some extent legislative. However, the freedom we claim for ourselves to believe in any or no religion, to belong to any religious society or to none, to think and express ourselves as we choose, so long as we violate no legal duty, makes it impossible to prevent our fellow members of society from exercising the same rights.

We think the complaint states no cause of action.

*By the Court.*—The order of the circuit court is reversed, with directions to sustain the demurrer to the complaint.